UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

MICHELLE HERNANDEZ,
individually,

    Plaintiff,

v.

TARGET CORPORATION d/b/a TARGET,
a foreign corporation; and JANE DOE, as Store Manager

    Defendants.
_____/

## TARGET CORPORATION'S NOTICE OF REMOVAL

Defendant, TARGET CORPORATION ("Target"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Honorable Court the action, Case No. 2020-026248-CA-01, filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, with full reservation of rights, exceptions, and defenses, and in support thereof states:

### I. BACKGROUND

1. On or about December 8, 2020, Plaintiff commenced the instant action by filing a Complaint ("Complaint") in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See* Complaint, attached as **Exhibit "A."**

2. Plaintiff's Complaint was served on Target via its Registered Agent on or about February 2, 2021. *See* Return of Service and Summons, attached as **Exhibit "B."**

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

3. Within the Complaint, Plaintiff alleges negligence against Target because of injuries Plaintiff allegedly suffered on March 4, 2020, after an alleged slip and fall at a Target store located at 20500 SW 112th in Miami, Florida ("subject location"). *See* **Exhibit "A"** at ¶¶ 6-14.

4. Specifically, Plaintiff alleges that while a customer at the subject location on March 4, 2020, she slipped and fell on a "hazardous unmarked liquid on the floor of an aisle" due to Target's negligent failure to maintain its premises in a reasonably safe condition, correct a dangerous condition, and warn Plaintiff as to the existence of a dangerous condition. *Id.* at ¶¶ 9; 10-14.

5. The Complaint generally alleges this is an action for damages in excess of $30,000.00 and therefore, meets the minimum state circuit court jurisdictional requirement. *Id.* at ¶ 1.

6. Further, the Complaint alleges that as a result of Plaintiff's fall, she "suffered injuries and damages." *Id.* at ¶¶ 26-28.

7. Plaintiff readily concedes within the Complaint that she resides in Miami-Dade County, Florida. *Id.* at ¶ 2. Plaintiff's allegation that she resides in Florida is confirmed by her medical records for the medical treatment she allegedly received as a result of the March 4, 2020 incident. Copies of said documents showing Plaintiff's Florida citizenship are attached as Composite **Exhibit "C."**

8. Target is a foreign corporation organized and existing under the laws of the State of Minnesota. Target maintains its principal place of business in Minneapolis, Minnesota. *See* 2020 Annual Report and Florida Department of State, Division of Corporations Entity Detail attached as **Exhibit "D."**

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

9. Although Jane Doe is alleged to be a resident of Florida, *the citizenship of Jane Doe is disregarded for purposes of citizenship.* See Ex. **"A"** at ¶ 4; *see also* 28 U.S.C. § 1441(b)(1) (stating "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the *citizenship* of defendants sued under fictitious names shall be *disregarded*") (emphasis added).[1]

10. Disregarding the citizenship of Jane Doe in accordance with 28 U.S.C. § 1441(b)(1), establishes that Target and the Plaintiff are diverse.

11. On March 10, 2021, Target propounded its First Set of Interrogatories upon Plaintiff. On May 3, 2021, Plaintiff served her Answers to Target's First Set of Interrogatories. *See* Target's First Set of Interrogatories and Plaintiff's Answers, attached hereto as **Composite Exhibit "E."**

---

[1] On April 2, 2021, in the state court action, Plaintiff filed a Motion for Leave to File an Amended Complaint for the purpose of supplementing the "store manager", Luz Del Alba Rivera ("Ms. Rivera"), for Jane Doe. *See* Motion attached as **Exhibit "K."** Essentially, Plaintiff seeks to destroy diversity jurisdiction by fraudulently joining the store manager, Ms. Rivera, to this lawsuit despite the fact that her proposed Amended Complaint fails to allege any ultimate facts indicating Ms. Rivera *actively participated* in bringing about Plaintiff's incident, despite Plaintiff testifying at her deposition that she had no knowledge of any Target employee being personally responsible for the area or knowing the substance was on the floor, and despite being advised by Target's counsel that Ms. Rivera had no knowledge and/or involvement in the events surrounding the subject-incident. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016). Notably, when Target's counsel advised Plaintiff's counsel that it was willing to provide an affidavit from Ms. Rivera attesting to the fact she did not actively participate in bringing about Plaintiff's incident and/or independently have any responsibility for the area at issue in this case, Plaintiff's counsel alluded to the fact that his main reason for naming Jane Doe/Ms. Rivera (alleged to be a store manager) was for the sole purpose of defeating diversity jurisdiction.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

12.   In her Answers to Interrogatories, Plaintiff claims to have sustained injuries and chronic pain to her neck, right shoulder, mid-back, lower back, and legs. *See* **Composite Exhibit "E."**

13.   On <u>March 10, 2021</u>, Target propounded its First Request upon Production on Plaintiff. On <u>May 3, 2021</u>, Plaintiff served her Responses to Target's First Request for Production. *See* Target's First Request for Production and Plaintiff's Responses, attached hereto as **Composite Exhibit "F."**

14.   In response to Target's First Request for Production, Plaintiff produced medical records which indicate that Plaintiff's medical bills for treatment received in connection with the subject-incident currently amount to **$33,790.53.** *See* Plaintiff's Medical Bills Produced in Response to Target's First Request for Production, attached hereto as **Exhibit "G."**

15.   Additionally, Plaintiff's medical records from Dr. Leon Andijar indicate that in the future, she will require additional Interlaminar Epidural Steroid Injections and a potential back surgery to treat her lower back injury sustained as a result of the alleged incident. *See* Plaintiff's Medical Records from Dr. Leon Anijar dated May 7, 2021, attached hereto as **Exhibit "H."**

16.   On <u>March 12, 2021</u>, Target propounded its First Request for Admissions to Plaintiff. On <u>May 3, 2021</u>, Plaintiff filed her Responses to Target's First Request for Admissions. *See* Target's First Request for Admissions and Plaintiff's Responses, attached hereto as **Composite Exhibit "I."**

17.   Within Plaintiff's Responses to Target's First Request for Admissions, she specifically admitted that she is seeking damages in excess of $75,000.00 and specifically denied that the damages she seeks is less than $75,000. *See* **Ex. I** at Nos. 8 & 9

4

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

18. Accordingly, based on the totality of Plaintiff's responses to Target's discovery requests and the medical bills and records provided in connection with same, it is clear this matter is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

19. As part of this Notice of Removal, Target has attached a copy of the verified returned service of process, pleadings, and other papers filed in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, together with the docket sheet from the Clerk of the Court. *See* State Court Filings, attached as **Exhibit "J."**

20. Target reserves the right to raise all defenses and objections in this action after the action is removed in this Court.

## II. REMOVAL IS TIMELY

21. On March 10, 2021, Target propounded its First Set of Interrogatories and First Request for Production to Plaintiff, to which Plaintiff served her answers and responses on May 3, 2021. See **Composite Ex. E & F.**

22. Plaintiff's May 3, 2021 answers and responses to Target's First Set of Interrogatories and First Request for Production clearly establish that Plaintiff's medical treatment for her claimed injuries will likely exceed this Court's jurisdictional requirement. *See* **Composite Ex. E; Ex. F; Ex. G; & Ex. H.**

23. On March 12, 2021, Target propounded its First Request for Admissions to Plaintiff, to which Plaintiff responded on May 3, 2021. *See* **Composite Ex. I.**

24. Within Plaintiff's May 3, 2021 Responses to Target's First Request for Admissions, Plaintiff admitted that she is seeking damages in excess of $75,000.00. *See* **Composite Ex. I** at Nos. 8 & 9.

5

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

25.     28 U.S.C. § 1446(b)(3) allows Target to remove the instant case within thirty (30) days after receipt by Target, "through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." *Id.* Responses to request for admissions constitute "other paper" under § 1446(b). *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213, n. 61 (11th Cir. 2007) (noting that a number of documents have been judicially recognized as such "other papers" to provide the basis for removal, including answers and/or responses to interrogatories and requests for production); *Wilson v. General Motors Corp.*, 888 F.2d 779, 782 (11th Cir. 1989); *Dukes v. Wal-Mart, Inc.*, 2018 U.S. Dist. LEXIS 204199, at *8 (M.D. Ala. November 30, 2018); *Murat v. Sam's East, Inc.*, 2017 U.S. Dist. LEXIS 13955, at *3 (S.D. Fla. January 23, 2017); *Garden Terrace Apts. No. 9 Ass'n v. W. Heritage Ins. Co.*, 2016 U.S. Dist. LEXIS 190994, at *5 (S.D. Fla. February 11, 2016).

26.     Similarly, other paper includes, documents and answers provides in response to discovery requests.. *See Berman v. Target*, 2015 U.S. Dist. LEXIS 190144 (S.D. Fla. December 16, 2015); *Monserrate v. Target Corp.,* 2014 U.S. Dist. LEXIS 193068 (S.D. Fla. April 7, 2014); *Bencosme v. Target Corp.*, 2013 U.D. Dist. LEXIS 192025 (S.D. Fla. October 16, 2013); *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 (S.D. Fla. September 14, 2010).

27.     In accordance with 28 U.S.C. § 1446(b)(3), Target files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Answers and Responses to Target's initial discovery requests (Interrogatories, Requests for Production, and Requests for Admission), which were the "other paper" that made it clear that removal was appropriate. *See* **Composite Ex. E, Ex. F, & Ex. I.** Thus, the instant Notice of Removal is timely filed.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

28. Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the Eleventh Judicial Circuit Court in and for Miami-Dade County is located in Miami, Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

29. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1) because Plaintiff is a citizen of Miami, Florida; Target is a citizen of Minneapolis, Minnesota; and the citizenship of "Jane Doe" is disregarded as fully set forth below.

#### A. Citizenship of Defendant, Target Corporation:

30. Target is a foreign for profit corporation organized under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota. *See* **Ex. "D."** Target is therefore a citizen of the State of Minnesota for purposes of diversity jurisdiction, which is the state of its incorporation and principal place of business. At no time material to this lawsuit has Target been a citizen of Florida.

#### B. Citizenship of Plaintiff, Michelle Hernandez:

31. At all times material to this action, Plaintiff "was an individual residing in in Miami-Dade County, Florida." *See* **Ex. "A"** at ¶ 2. Although Plaintiff's Complaint does not expressly use the word "citizenship" "[i]t is well established that a party's *residence* is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is

7

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009) (Cohn, J) (internal citations omitted).

32. Here, Plaintiff unequivocally alleges she is a resident of Miami-Dade County, Florida. *See* **Ex. "A"** at ¶ 2. As such, Plaintiff's Miami-Dade County, Florida residence is prima facie evidence of her domicile, which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

33. In addition to the allegations of residency in her Complaint, Plaintiff's medical records and bills that identify Plaintiff's address as being in Miami, Florida, further establishes Plaintiff's Miami-Dade County domicile which evidences her citizenship in Florida. *See* **Ex. "C."**

34. Furthermore, at Plaintiff's May 27, 2021 deposition, she testified that she has no plans to leave Florida and intends to remain within Miami, Florida.[2]

**C.** **Citizenship of Jane Doe:**

35. Plaintiff's Complaint alleges that Jane Doe (i.e., the unnamed store manager) is a resident of Florida. See **Ex. "A"** at ¶ 4.

36. Although Jane Doe is alleged to be a resident of Florida, the citizenship of Jane Doe is disregarding for purposes of citizenship. *See* 28 U.S.C. § 1441(b)(1) (stating "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded") (emphasis added). Accordingly, the citizenship of Jane Doe does not defeat diversity jurisdiction. *See Roman v. Wal-Mart Stores E., LP*, No. 6:20-cv-2197-0rl-28GJK, 2021 U.S. Dist. LEXIS 14538, at *6-7 (M.D. Fla. Jan. 26, 2021) (noting that a fictitious name defendant's citizenship is disregarded in the Court's removal analysis.")

---

[2] Once the transcript from Plaintiff's deposition is received, Target will supplement and provide an exhibit to support this assertion.

8

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

37. In Plaintiff's pending Motion for Leave to Amend, she seeks leave to join "store manager" Luz Del Alba Rivera ("Ms. Rivera"), a Florida resident, as a defendant. *See* **Ex.** "**K.**" However, as explained below, Plaintiff's effort to sue Ms. Rivera is solely to defeat federal court jurisdiction constitutes a fraudulent joinder and fails as a matter of law.

   a. **There Exists Complete Diversity Between The Parties Because The Joinder Of Luz Del Alba Rivera As A Defendant Is A Fraudulent Attempt To Defeat Valid Diversity Jurisdiction.**

38. This situation where a Plaintiff seek to name John or Jane Does or even individual employees to a Complaint for negligence stemming from a slip and fall is not new. The law however is well settled that it is wholly improper for litigants to name random employees who have done nothing personally to bring about the Plaintiff's alleged incident solely to avoid litigating in Federal Court. Nevertheless, this tactic persists.

39. Although Plaintiff and Target's store managers are citizens of the State of Florida, complete diversity jurisdiction exists in this case under 28 U.S.C. § 1332(a)(1) because Plaintiff seeks to add a store manager as a Defendant solely to defeat otherwise valid jurisdiction; therefore, the citizenship of the store manager should be disregarded. *See Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir.2006)); *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1360 (11th Cir. 1996).

40. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F. 3d at 1332; *Henderson*, 454 F. 3d at 1281.

9

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

41. The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any available affidavits submitted by the parties. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

42. The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007).

43. Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment—***he or she must be actively negligent.***" *Id.* (quoting *McElveen v. Peeler*, 554 So.2d 270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) (quoting *Orlovsky v. Solid Surf.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) ("[i]t is well established under Florida law that ***[a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character***")).

44. In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target and an unnamed employee, John Doe, arising from a slip and fall incident inside a Miami Target store. *Tynes*, 2013 U.S. Dist. LEXIS 40355, at *1. The defendant

10

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

removed the case seeking to invoke diversity jurisdiction. *Id* at *1. Plaintiff moved to remand the case because the plaintiff identified through discovery the identity of John Doe—Target employee Wilbert A. Hernandez—and claimed that he was a resident of Miami-Dade County. *Id* at *2. In denying plaintiff's motion to remand, Judge Moreno found there was little possibility that the plaintiff could prove a cause of action for negligence against Mr. Hernandez because the plaintiff failed to allege **any individual duty was owed** or that the tort in question was committed in the store manager's individual capacity. *Id*. at *4-6. This case is no different as there is no evidence to be deduced that an individual duty was owed and breached by Ms. Rivera.

45.     In *Rutsky v. Target*, the Plaintiff alleged in a proposed amended complaint that the Target employee negligently maintained and inspected Target's floors, failed to warn or provide notice to Plaintiff about the dangerous condition on the floor and supervised the employees that created the dangerous conditions. *Rutsky v. Target Corp.,* No. 12-61828-CIV, 2012 U.S. Dist. LEXIS 163367, at *2 (S.D. Fla. Nov. 14, 2012). In denying the requested relief, the Court noted that the proposed amendment supported a finding that Plaintiff's motivation was to destroy diversity jurisdiction. *Id.* This case is no different and here, Plaintiff's counsel alluded to the fact that he was seeking to name an individual Target employee to prevent Target from removing the matter to federal court which is clear proof that the purpose of the amendment here is to defeat federal jurisdiction. *See -*

46.     *In Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virgina Corporation. *Niurka De Varona*, 860 F. Supp. 2d at 1345. The plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id.* Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises

11

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it. *Id*. Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346. In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id*. The court denied the plaintiff's motion to remand the stating "plaintiff has provided no facts showing that [the store manager] played any role in her injuries" and that ***a store manager does not incur personal liability for a corporation's torts merely by reason of the store manager's official title.*** *See id*. (citing *Orlovsky*, 405 So. 2d at 1364).

47.     Similarly, in *Pritchard,* the court also denied plaintiff's motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent. *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7. In *Pritchard*, the plaintiffs filed suit against defendants Wal-Mart and one of its store manager in state court alleging claims of negligence and loss of consortium. *Id*. at *1. The plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises, and the store manager breached those duties by acting negligently in falling to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id*. Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store manager pursuant to the fraudulent joinder doctrine. *Id*. Thereafter, the store manager filed a

12

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

motion to dismiss based on fraudulent joinder. *Id*. The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident. *Id*. at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue, and as such, the store manager could not be found to be actively negligent. *Id.* at *3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support that the store manager was actively negligent. *Id*.

48. As made clear by Ms. Rivera's Declaration, she did not own, control, or operate the Target store. *See* Luz Del Alba Rivera's Declaration, attached hereto as **Exhibit "L."** She did not have actual notice of the substance on the floor prior to the alleged incident. *Id.* at ¶¶ 8-12. Specifically, she did not place the substance on the floor, did not observe the substance on the floor before the incident, and no employee or customer told her about the substance on the floor before the incident. *Id*. The first time she learned about the substance on the floor was when she was paged to report to the area of the incident to respond to a guest incident. *Id.* at ¶ 13.

49. Similarly, Ms. Rivera did not have constructive notice of the substance on the floor prior to the alleged incident. *Id.* at ¶¶ 14-20. Specifically, on the day and time of the alleged incident, Ms. Rivera was the "Team Leader" for the "Food & Beverage" Department, but also designated as that shift's "Leader on Duty." *Id.* at ¶¶ 3-4; 7. As the "Leader on Duty," her responsibilities included preparing cashier sheets, store reports, assisting with customer complaints/issues, responding to guest incidents and completing the required paperwork, and helping to make sure all departments were sufficiently staffed. *Id.* at ¶ 15. She was not responsible

13

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

for cleaning or maintaining Aisle A28 (within the "Essentials" Department), where the alleged incident occurred. *Id.* at ¶¶ 7; 14-19.  Ms. Rivera was not in the area at or prior to the time of the alleged incident and was not required to be in that area. *Id.*  Rather, Ms. Rivera was assigned to work in the "Food & Beverage" Department on the day and time of the alleged incident, which is an entirely different department and is not physically near where the alleged incident occurred. Ms. Rivera's job duties as the "Leader on Duty" and/or "Team Leader" for the Food & Beverage Department *did not* require her to keep the floor clean in every location of the store, including for example, the floors in Aisle A28, the "Essentials" Department, the bathrooms, the front end of the store, or in the fitting rooms. *Id.*

50.    Pursuant to Target's policies and procedures for store safety, *all* Target employees, regardless of their position, are trained and instructed to keep a look out for spills or other hazardous conditions as they fulfill their job duties and walk the store. *Id.* at ¶¶ 17-18.  Also, Target employees are trained regarding how to clean up and/or guard any spills or other hazardous conditions if they observe or are alerted to same. *Id.* To that end, spill stations with supplies to clean up spills or other substances are located in numerous locations in the store. *Id.* at ¶¶ 16-18.

51.    On the day and time of the alleged incident, Ms. Rivera was doing her job in compliance with Target's policies and procedures to ensure store safety. *Id.* at ¶¶ 3-15.  She has no knowledge of any Target employee not doing their job in compliance with Target's policies and procedures to ensure store safety on the day and time of the Plaintiff's alleged incident. *Id.* at ¶ 20.  She was employed with the store for one (1) year prior to the date of the alleged incident and she has no knowledge of any similar incidents occurring in the store or in Aisle A28. *Id.* at ¶ 21.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

52. Accordingly, there is evidence whatsoever of any active negligence on the part of Ms. Rivera. There is simply no possibility that Ms. Rivera knew or should have known about the substance on the floor in Aisle A28 before Plaintiff alleged incident or that she breached any duty which she could be deemed to owe Plaintiff.

53. Here, Plaintiff seeks to add Ms. Rivera as a party defendant solely because she was the "Leader on Duty" at the time of the alleged incident and not because she was actively negligent. Indeed, in discussions with Plaintiff's counsel about this fact, Plaintiff's counsel advised he was only willing to drop "Jane Doe" if Target's counsel was willing to waive its right to remove this matter to Federal Court. *See* Declaration of Target's Counsel, Alexa C. Bontkowski, Esq., attached hereto as **Exhibit "M."**

54. In sum, the record evidence makes abundantly clear that (1) Plaintiff's attempt to remove this matter is to defeat federal jurisdiction; (2) Ms. Rivera had no actual or constructive knowledge of the dangerous condition. Removal on these facts is proper and consistent with the applicable law.

55. After disregarding the fraudulently joined Co-Defendant (i.e., Jane Doe), there can be no dispute that the citizenship of the Parties is diverse. All the cases relied upon herein make crystal clear that there is no practical purpose achieved by suing both the owner/operator of the store where the slip and fall took place and the manager/employee who may have been on duty in the store at the time. *See e.g. Judon v. Cumberland Farms, Inc.*, No. 17-14036-CIV-MARTINEZ/LYNCH, 2017 U.S. Dist. LEXIS 33144, at *5 (S.D. Fla. Mar. 6, 2017) (denying motion to amend and noting that *Rutsky* and *Tynes* show that it is the store's owner/operator who is solely liable for the tort and that the Defendant's opposition to joinder and remand implies that it has full judgment solvency and bears full vicarious liability for its employed manager.).

15

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## IV. AMOUNT IN CONTROVERSY

56.     The amount in controversy in this lawsuit clearly exceeds $75,000.00.

57.     Although Plaintiff's Complaint does not specify an amount in controversy other than the state court circuit court jurisdictional minimum in excess of $30,000.00, Plaintiff's Responses to Target's First Request for Admissions evidences that Plaintiff's damages exceeds this Court's jurisdictional minimum amount in controversy of $75,000.00. *See* **Ex. I.**

58.     Further, in response to Target's First Request for Production, Plaintiff produced medical records and bills which indicate that Plaintiff's medical bills for treatment received in connection with the subject-incident currently amounts to **$33,790.53.** *See* **Ex. G.**

59.     Additionally, Plaintiff's medical records indicate that in the future, she will likely require additional Interlaminar Epidural Steroid Injections and a back surgery to treat her lower back injury sustained as a result of the alleged incident. *See* Plaintiff's Medical Records from Dr. Leon Anijar dated May 7, 2021, attached hereto as **Ex. H.**

60.     Further, Plaintiff claims damages for past and future pain and suffering in an unspecified sum to be determined by a jury. *See* **Ex. "A."**

61.     The well-established rule adopted by the Eleventh Circuit states that a removing party can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

62. Where like here, the jurisdictional amount is not facially apparent on the face of Plaintiff's Complaint; the court will look to the notice of removal and any accompanying documents relevant to the amount in controversy at the time the case was removed. *Pretka*, 608 F.3d at 759; *Williams*, 269 F.3d at 1319; *see also Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement).

63. Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). Furthermore, a removing defendant, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka*, 608 F.3d at 754. Thus, all that is required is that Target show by a preponderance of the evidence that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

64. Additionally, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand. *See Katz*, 2009 WL 1532129 at *4 (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). Also, "a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)).

65. Similarly, the Eleventh Circuit Court has held that responses to discovery, deposition transcripts, and other documents can constitute and be considered the "other paper"

17

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

pursuant to and required by 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989) (discussing that plaintiff's response to defendant's requests for admissions was the "paper from which it [was] first ascertained that the case [was] one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3)); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

66. Applying this principle, the Southern District of Florida has numerous cases wherein removal was directly based on the plaintiff's admission that the amount in controversy exceeded $75,000.00. *See Berman v. Target*, 2015 U.S. Dist. LEXIS 190144 (S.D. Fla. December 16, 2015); *Monserrate v. Target Corp.*, 2014 U.S. Dist. LEXIS 193068 (S.D. Fla. April 7, 2014); *Bencosme v. Target Corp.*, 2013 U.D. Dist. LEXIS 192025 (S.D. Fla. October 16, 2013); *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 (S.D. Fla. September 14, 2010).

67. In *Monserrate*, the defendant relied on the plaintiff's responses to its request for admission and documents produced in response to its request for production to establish the basis for removal. *Monserrate*, 2014 U.S. Dist. LEXIS 193068, at *2. The plaintiff's discovery responses demonstrated that the amount in controversy exceeded $75,000.00 and proved the diversity of citizenship between the parties. *Id.* at * 8. The *Monserrate* court relied on the well-established concept that 28 U.S.C. § 1446(b) allows for the consideration of "other paper," including discovery responses, to determine whether removal is proper. *Id.*

68. Similar to *Monserrate*, Plaintiff's answers and responses to Target's initial discovery requests clearly demonstrate that the amount in controversy exceeds $75,000.00.

69. As shown herein, in this case, Plaintiff's Responses to Target's initial discovery requests (Interrogatories, Requests for Production, and Request for Admissions) conclusively

18

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

establishes that the amount in controversy exceeds this Court's $75,000.00 jurisdictional threshold. *See* **Composite Ex. E; Ex. F; & Ex. I** at Nos. 8 & 9.

70. Based on the foregoing, Target has established that Plaintiff's claimed damages in this case exceed $75,000.00 by Plaintiff's own admission and the objective information within her answers and response to Target's initial discovery requests and the medical records accompanying same therefore, removal in this case is proper. *See Wilson*, 888 F.2d 779 at 780; *Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329, 1330–31 (M.D. Fla. 2010); *Taylor v. Tractor Supply Co.*, 2014 WL 5473558, at *1–2 (M.D. Fla. 2014); *Wilson*, 2010 LEXIS 96399, at *4.

## V. CONCLUSION

Because the parties are citizens of different states, and because the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Upon filing of this Notice of Removal, Target will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant, TARGET CORPORATION, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-026248-CA-01, be removed to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Target is entitled.

**Dated: May 30, 2021**

Respectfully Submitted,

/s/ *Schuyler A. Smith*
Schuyler A. Smith, Esq.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

        Florida Bar No. 70710
        ssmith@hamiltonmillerlaw.com
        Alexa C. Bontkowski, Esq.
        Florida Bar No. 124612
        abontkowski@hamiltonmillerlaw.com
        HAMILTON, MILLER & BIRTHISEL, LLP
        150 Southeast Second Avenue, Suite 1200
        Miami, Florida 33131
        Telephone: (305) 379-3686
        Facsimile: (305) 379-3690
        ***Attorneys Target Corporation***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 30, 202119, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

        Respectfully Submitted,

        /s/ Schuyler A. Smith
        Schuyler A. Smith, Esq.

## SERVICE LIST

***Counsel for Plaintiff***
Peter J. Ridge, Esq.
Law Offices of Anidjar & Levine, P.A.
Attorneys for Plaintiff
300 SE 17th Street
Fort Lauderdale, Florida 33316
Phone: (954) 525-0050
Fax: (954) 525-0020
pleadings@anl-law.com

20

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690