# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:

MICHELLE HERNANDEZ,

       Plaintiff,

vs.

TARGET CORPORATION
d/b/a TARGET, a foreign corporation, and
JANE DOE, as store manager,

       Defendants.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, **MICHELLE HERNANDEZ**, by and through the undersigned counsel, and hereby sues the Defendants, **TARGET CORPORATION d/b/a TARGET ("TARGET")**, a foreign corporation, and **JANE DOE**, as store manager, and in support thereof alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of thirty thousand ($30,000.00) dollars.

2. At all times material hereto, the Plaintiff, MICHELLE HERNANDEZ, was an individual residing in Miami-Dade County, Florida and is *sui juris*.

3. At all times material hereto, the Defendant, TARGET, was a foreign corporation authorized to do and doing business in Miami-Dade County, Florida.

4. At all times material hereto, the Defendant, JANE DOE, was an individual residing in Florida.

5. Venue is proper in Miami-Dade County as the subject incident took place therein.

1

The Law Offices of Anidjar & Levine, P.A.
300 SE 17th Street, Fort Lauderdale, Florida 33316 (954) 525-0050

6.      On or about March 14, 2020, the Defendant, TARGET, owned, maintained and/or controlled a TARGET retail store #1075, located at 20500 SW 112th Ave., in the city of Miami, Miami-Dade County, Florida.

7.      At all times material hereto, the Defendant, JANE DOE, managed the aforedescribed TARGET retail store.

8.      On the above date and time, the Plaintiff, MICHELLE HERNANDEZ, was a business invitee on the Defendant's property and lawfully on the premises.

9.      At the aforedescribed time and place, the Plaintiff, while exercising due care and caution for her own safety, was shopping at the aforedescribed TARGET store when she was caused to slip and fall due to the careless and negligent manner in which the floors were maintained in the store aisles. More specifically, Plaintiff slipped on a hazardous unmarked liquid on the floor of an aisle in the store.

## COUNT I:
## NEGLIGENCE CLAIM AGAINST TARGET

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

10.      At all times material hereto, the Defendant, TARGET, by and through its agents and/or employees, owed the Plaintiff a duty of reasonable care to maintain the shopping areas in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to her in her lawful use of the same.

11.      The Defendant, TARGET, owed the Plaintiff a duty to warn her of the aforedescribed dangerous and unsafe condition which led to Plaintiff's slip and fall.

2

The Law Offices of Anidjar & Levine, P.A.
300 SE 17th Street, Fort Lauderdale, Florida 33316 (954) 525-0050

2-3-2021                                                    004061H0001                                              6020210203007348

12.     The Defendant, TARGET, by and through its employees and/or agents, breached its

duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission

and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

a.     The Defendant failed to properly maintain and examine
the floors to make sure they were safe and free from
liquid and debris;

b.     The Defendant should have exercised reasonable care in
the care of its floors;

c.     The Defendant failed to utilize reasonable care in the
design, planning, inspection and maintenance of said
premises, particularly the floors;

d.     The Defendant failed to warn the Plaintiff of the
dangerous condition;

e.     The aforedescribed dangerous condition was a regular,
reoccurring, and ongoing condition; therefore, Defendant
knew, or in the exercise of reasonable care, should have
known of the aforedescribed dangerous and hazardous
condition;

f.     The Defendant knew of the alleged dangerous condition
and did not correct it and/or the condition existed long
enough to where Defendant should have known of the
condition and should have corrected the condition.

13.     The Defendant's aforedescribed acts of negligence proximately caused the injuries

sustained by the Plaintiff.

14.     As a direct result of her slip and fall, the Plaintiff has been forced to incur medical bills,

has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, loss of

capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment,

aggravation of preexisting injuries, if any, and loss of the ability to earn wages. The injuries sustained by

Plaintiff, MICHELLE HERNANDEZ, are permanent within a reasonable degree of medical

probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

3

2-3-2021                                                004061H0001                                           6020210203007348

**WHEREFORE**, the Plaintiff, MICHELLE HERNANDEZ, demands judgment against the Defendant, TARGET, for damages, costs and any other relief this Court deems appropriate. *The Plaintiff further demands a trial by jury as to all issues so triable by right.*

**COUNT II:**
**NEGLIGENCE CLAIM AGAINST JANE DOE**

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

15.     At all times material hereto, Defendant, JANE DOE, the manager of said store identified in Paragraph 6, and as such owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises. JANE DOE, owed a duty to the Plaintiff, and other business invitees on the premises, to exercise reasonable care to maintain the floors in such manner as to avoid injury or damages to business invitees, such as the Plaintiff, MICHELLE HERNANDEZ, as a result of a dangerous unmarked liquid on the floor within a store aisle.

16.     Defendant, JANE DOE, negligently failed to exercise reasonable care relating to the dangerous unmarked liquid on the floor within a store aisle while under her control in that she failed to take reasonable precautions to maintain said premises in a safe condition.

17.     At all times hereinafter mentioned and at the time of the incident complained of Defendant, JANE DOE, personally committed a tory by negligently failing to establish a procedure for regular inspection and maintenance of the premises or alternatively by failing to follow her own established procedures for the inspection and maintenance of the of the premises, and Defendant, JANE DOE, personally and negligently created the aforesaid defective, dangerous condition which was a hazard and trap for the Plaintiff.

18.     Among the duties of Defendant, JANE DOE, as the store manager, was to:          a) conduct, personally or through those under her control, reasonable periodic inspections, at reasonable intervals, to discover and to remove inherently dangerous conditions, including but not limited to,

4

**The Law Offices of Anidjar & Levine, P.A.**
300 SE 17th Street, Fort Lauderdale, Florida 33316 (954) 525-0050

dangerous hazards on the floor of said premises and to maintain and remove such dangerous hazards prior to business invitees being injured thereby; and b) to so arrange signs and products for sale such as not to distract the attention of persons, such as Plaintiff, MICHELLE HERNANDEZ, while shopping on and at said premises.

19.     Had such duty been performed, the dangerous condition which caused Plaintiff, MICHELLE HERNANDEZ, to slip and fall to the floor and injure herself would have been observed in time to have been corrected.

20.     But for the negligent failure of Defendant, JANE DOE, to perform such duties and responsibilities, Plaintiff, MICHELLE HERNANDEZ, would not have slipped and injured herself.

21.     The Defendant, JANE DOE, breached her duty of care to the Plaintiff, by committing one or more of the following negligent acts or commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully;

      b.     The Defendant failed to properly maintain and examine the floors to make sure they were safe and free from liquid and debris;

      b.     The Defendant should have exercised reasonable care in the care of its floors;

      c.     The Defendant failed to utilize reasonable care in the design, planning, inspection and maintenance of said premises, particularly the floors;

      d.     The Defendant failed to warn the Plaintiff of the dangerous condition;

      e.     The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition;

      f.     The Defendant knew of the alleged dangerous condition and did not correct it and/or the condition existed long enough to where Defendant should have known of the condition and should have corrected the condition.

5

2-3-2021                                    004061H0001                                    6020210203007348

22.     That the aforesaid acts of negligence on the part of JANE DOE were the proximate cause of the injuries sustained by the Plaintiff.

23.     As a direct and proximate result of the negligence of Defendant, JANE DOE, as above alleged, Plaintiff, MICHELLE HERNANDEZ, suffered bodily injury and resulting pain, suffering, disability, aggravation of pre-existing conditions, loss of capacity for the enjoyment of life, loss of earnings or earning ability, medical expenses and other expenses. The injuries sustained by Plaintiff, MICHELLE HERNANDEZ, are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, MICHELLE HERNANDEZ, demands judgment against the Defendant, JANE DOE, for damages, costs and any other relief this Court may deem appropriate. *The Plaintiff further demands trial by jury as to all issues so triable by right*.

In compliance with Rule 2.516 of the Florida Rules of Judicial Administration, all pleadings in this cause shall be served on the undersigned by e-mail at pleadings@anl-law.com.

DATED this 8th day of December, 2020.

> **LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
> *Counsel for Plaintiff*
> 300 SE 17th Street
> Fort Lauderdale, FL 33316
> Tel: (954) 525-0050 / Fax: (954) 525-0020
> E-service at: pleadings@anl-law.com
>
>
> By: *Peter J. Ridge*
> ELIE ANIDJAR, ESQ.,
> FBN 932191
> PETER J. RIDGE, ESQ.
> FBN 114263

2-3-2021                                      004061H0001                                      6020210203007348